## No. 6093.

CONSOLIDATED ASSOCIATION OF THE PLANTERS OF LOUISIANA VS. EMMANUEL CHOL.

It is required by the law that the affidavit to the absence of the district judge be made by plaintiff, his agent, or attorney. Here it was made by the plaintiffs' attorney. This fulfills the requirement of the law. After having signed the petition as attorney, it was not necessary that he should reiterate his capacity in the affidavit.

It has repeatedly been held that, as regards the executory process, this court will not look beyond the authority of the act upon which the fiat issued.

APPEAL from the Fifteenth Judicial District Court, parish of Lafourche. *Knobloch*, Parish Judge, acting in the absence of the District Judge. *J. Lavergne*, for plaintiffs and appellees. *John S. Billiu* and *E. W. Blake*, for defendant and appellant.

MORGAN, J. Joseph Morran and wife mortgaged by public act a certain property to the plaintiffs. The mortgage was executed on the eleventh of June, 1829. The property passed through various conveyances to several parties, until it came into the defendant's possession, when it was seized under executory process. In all of the acts of transfer plaintiffs' right of mortgage was acknowledged.

Defendant appeals from the order of seizure and sale on various grounds. But if plaintiffs had the right to seize the property in whatever hands it might be found, and the original act of mortgage is authentic, and the debt is still due, the objections of the defendant, except as regards the right of the parish judge to issue the fiat, need not be considered.

Consolidated Association of the Planters of Louisiana vs. Chol.

The objection to the issuing of the order of seizure and sale is, that the affidavit to the absence of the district judge is not made by plaintiffs, or by any one styling himself their agent.

The petition is signed by "J Lavergne, attorney for petitioners." The affidavit to the absence of the district judge is signed by J. Lavergne. It is required by the law that the affidavit to the absence of the district judge be made by the plaintiff, his agent, or attorney. Here it was made by the plaintiffs' attorney. This fulfills the requirement of the law. After having signed the petition as attorney, it was not necessary that he should reiterate his capacity in the affidavit.

### On the Merits.

We have repeatedly held that, as regards the executory process, we will not look beyond the authenticity of the act upon which the fiat issued. Here the act is authentic. The matters set up in defense here can not be urged on an appeal.

Judgment affirmed.

Rehearing refused.